No. 699 July 22, 2026 699

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA JAMES HATHAWAY,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR33343; A184324

Christopher A. Ramras, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne K. Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for harassment and coercion constituting domestic violence. On appeal, defendant contends that the trial court erred by denying his motion for a judgment of acquittal (MJOA) on the coercion charge because the state failed to adduce evidence that defendant induced the victim to engage in conduct out of fear that he would cause her physical injury. We affirm.

A person commits the crime of coercion, as charged here, when a person "compels or induces another person to engage in conduct from which the other person has a legal right to abstain" by instilling in that other person a "fear that, if the other person refrains from the conduct compelled or induced," the person will cause the victim unlawful physical injury. ORS 163.275.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004).

Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the factfinder. A rational factfinder could find on this record that defendant forced the victim to sit down in the chair, poured water on her head, and hit her repeatedly. A rational factfinder could also conclude that defendant then compelled the victim to engage in conduct, *viz.*, remain sitting in the chair, and that the victim did so out of a fear that he would hurt her if she moved. The fact that the victim ultimately disregarded defendant's instructions to remain and "ran like hell" to escape does not obviate those conclusions. Thus, there was sufficient evidence to support defendant's conviction for coercion constituting domestic violence.

Affirmed.